IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRES CANO, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-01331-OLG |
| vs. | § § | |
| MARK GARCIA, CITY OF KIRBY, TEXAS, KEVIN BOIS, KIRBY POLICE DEPARTMENT; JAMES LAYMON, JASON RENDON, KIRBY POLICE DEPARTMENT; AND JOHN DOE, | § § § § § § § | |
| *Defendants.* | § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Garcia:**

This Report and Recommendation concerns Plaintiff's Motion to Strike Defendant Mark Garcia's General Denial and Affirmative Defenses [#11]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#7]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be **GRANTED**.

### I. Analysis

By his motion, Plaintiff asks the Court to strike the answer of Defendant Mark Garcia pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because it is a general denial not made in good faith. Indeed, the Answer filed by Garcia is a form general denial for use in Texas state court, and Garcia states on the form, "I enter a general denial." (Answer [#6] at 1.) The

1

general denial form contains a list of possible affirmative defenses. Garcia checked various boxes next to a list of affirmative defenses but has not factually pleaded any defense.

Rule 8 of the Federal Rules of Civil Procedure requires that a party "(A) state in short and plain terms its defense to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). "A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." *Id.* at 8(b)(3). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* If the defendant does not deny the allegations in the plaintiff's complaint, the allegations are treated as if the defendant has admitted them. *Id.* at 8(b)(6).

General denials are uncommon in federal court because "situations in which the complaint can be completely controverted are quite rare." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1265, at 549 (3d ed. 2004). "This means that an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." *Id.* Having reviewed Plaintiff's Complaint, the Court finds that a general denial would likely not be permissible here, as it would require the denial even of those facts related to subject matter jurisdiction, venue, and personal jurisdiction. Garcia has not filed any Rule 12 motions contesting any of these issues. Garcia cannot credibly represent to the Court that his general denial was made in good faith in light of federal pleading standards.

Garcia has also not filed a response to Plaintiff's motion to strike. Any response to the motion was due on or before February 22, 2021. *See* W.D. Tex. Loc. R. CV-7(e). In light of Garcia's lack of response to the motion and the governing law, the Court should grant Plaintiff's

motion, strike Garcia's answer, and order Garcia to file an answer that complies with the requirements of Rule 8.

## II. Conclusion and Recommendation

Having considered the motion, the record, and the governing law, the undersigned recommends that Plaintiff's Motion to Strike Defendant Mark Garcia's General Denial and Affirmative Defenses [#11] be **GRANTED**.

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 24th day of February, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE