IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRES CANO, | § | |
| *Plaintiff,* | § | SA-20-CV-01331-OLG |
| vs. | § | |
| MARK GARCIA, CITY OF KIRBY, TEXAS, KEVIN BOIS, KIRBY POLICE DEPARTMENT; JAMES LAYMON, JASON RENDON, KIRBY POLICE DEPARTMENT; AND JOHN DOE, | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants City of Kirby, Chief Bois, and

Officers Laymon and Rendon's Motion to Dismiss [#5] and Defendant Mark Garcia's Motion to

Dismiss the Complaint [#17]. All pretrial matters in this case have been referred to the

undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and

Appendix C [#7]. The undersigned has authority to enter this recommendation pursuant to 28

U.S.C. § 636(b)(1)(B). In issuing this recommendation, the undersigned has also considered

Plaintiff's responses to the motions [#10, #20], and Defendants' reply [#13]. For the reasons set

forth below, it is recommended that Defendants City of Kirby, Chief Bois, and Officers Laymon

and Rendon's Motion to Dismiss [#5] be **GRANTED**. The undersigned further recommends

that Defendant Garcia's Motion to Dismiss the Complaint [#17] be **DENIED** but that Plaintiff's

claims against Defendant Garcia and Defendant Doe be dismissed without prejudice to refiling in

state court.

# I. Background

This case arises out of an alleged assault and the alleged failure of the Kirby, Texas Police Department to respond to the incident. Plaintiff Andres Cano filed this action, proceeding *pro se*, pursuant to 42 U.S.C. § 1983 against Defendant Mark Garcia, the son of one of Plaintiff's neighbors and alleged perpetrator of the assault; an unidentified male who was also involved in the incident, named as Defendant John Doe; the City of Kirby, Texas; its Police Chief, Kevin Bois; Lieutenant James Laymon; and Sergeant Jason Rendon.

According to Plaintiff's Complaint [#1], on November 16, 2018, he was the victim of an unprovoked, near-fatal assault and robbery outside of his front door. Plaintiff claims he reported the attack to the Kirby Police Department, provided evidence and a formal statement about the incident, visited and called the Department repeatedly, but the police did nothing. Plaintiff claims that the Kirby Police Department falsely represented that a case had been filed with the Bexar County District Attorney against Garcia, when in fact neither Garcia nor Doe was ever arrested or charged. Plaintiff alleges that for two years he has lived in fear of being attacked by his neighbor and continues to suffer from his injuries without any official response from the City.

Plaintiff's Complaint asserts Texas tort claims of assault, conversion, trespass, and intentional infliction of emotional distress against Garcia and Doe. Plaintiff's federal claims against the City of Kirby challenge various policies and practices of the Kirby Police Department as constitutionally defective and leading to the deprivation of Plaintiff's rights to due process and equal protection under the Fourteenth Amendment. Plaintiff also asserts constitutional claims against Police Chief Bois, Sergeant Rendon, and Lieutenant Laymon, alleging their supervisory liability and deliberate indifference with respect to Plaintiff's constitutional injuries. Additional claims against Sergeant Rendon and Lieutenant Laymon focus on a state-created danger, their

failure to investigate the reported assault and robbery, and their intentional deprivation of Plaintiff's right to equal protection under the law. Plaintiff seeks compensatory and punitive damages against Defendants.

Defendants the City of Kirby, Chief Bois, Lieutenant Laymon, and Sergeant Rendon have moved to dismiss Plaintiff's Complaint under Rule 12(b)(6), arguing that Plaintiff has failed to state a cause of action under *Monell* against the City as a matter of law and that Chief Bois and the officers (who are sued only in their individual capacities) are entitled to qualified immunity. All four Defendants also raise the defense of the applicable statute of limitations, arguing that Plaintiff's case is time-barred. Defendant Garcia has moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Plaintiff's Texas tort law claims—the only causes of action asserted against Garcia.

## II. Allegations in Plaintiff's Complaint

The Court accepts the following facts as true for purposes of ruling on Defendants' motions. According to Plaintiff, Plaintiff lived across the street from Garcia's mother, and Garcia would stay at his mother's house for several months at a time over the years when the two were neighbors. (Compl. [#1], at 4.) There were several tense interactions between Plaintiff and Garcia over 2018, one in particular involved Garcia threatening Plaintiff when he asked them to move a vehicle obstructing his driveway. (*Id.* at 5.) Subsequently, on November 16, 2018, Garcia claims he was the victim of an unprovoked, near-fatal assault by Garcia and Doe outside his front door while trying to enter his house. (*Id.* at 5–6.) Plaintiff claims he was punched in the face and back of the head, dragged on the ground, choked, and punched to near unconsciousness. (*Id.* at 6.) Garcia and Doe allegedly also stole Plaintiff's cell phone and a mail parcel he had had in his hands. (*Id.* at 6–7.)

Plaintiff alleges that following the attack, he drove to the Kirby Police Station for help (because Garcia had stolen his only phone), but there was no one there. (*Id.* at 7.) He waited an hour and a half for someone to arrive and still encountered no law enforcement officer. (*Id.*) Once Plaintiff drove to the Kirby Fire Station, the night attendant contacted the police and EMS personnel who photographed and documented his injuries. (*Id.* at 7–8.) Plaintiff provided the name of Garcia and his address. (*Id.* at 8.)

On November 19, 2018, a few days after the attack, Plaintiff went back to the Kirby Police Station and provided a formal, written statement about the incident. (*Id.* at 8.) Over the next week, he provided another written statement, as well as EMS medical records, hospital records, medical bills, his phone receipt, Google tracking of his phone, and Ring doorbell videos of the suspects. (*Id.*) Plaintiff tracked his phone for several days and saw that the phone was traveling to places he had never been, but was told he could not obtain the call registry and activity log of the phone without a subpoena. (*Id.*) He relayed this directly to Lieutenant Laymon but still nothing happened, and his phone was never recovered. (*Id.* at 8–9.)

Two weeks after the attack, Plaintiff received a threatening phone call on his new phone, which had the same number, warning that the police better not be involved. (*Id.* at 9.) Plaintiff relayed this to Lieutenant Laymon, but again there was no police action. (*Id.*) Plaintiff alleges that he went to the Kirby Police Station as many as 40 times from November 16, 2018 to July 2019 and on 90% of those visits, Lieutenant Laymon was unavailable or not present. (*Id.*) Whenever Plaintiff called the station, no one answered, and he left voice messages. (*Id.*) No one, not Lieutenant Laymon or any other police officer, ever called or tried to contact Plaintiff to address his concerns. (*Id.*)

By February 2019, knowing that Garcia had still not been arrested or charged, Plaintiff demanded an interview with Chief Bois. (*Id.* at 9.) During the interview, Chief Bois approved of Lieutenant Laymon's handling of the case and "intimated the Kirby Police Department was not readily capable of handling violent crimes against persons." (*Id.* at 10.) Chief Bois relayed to Plaintiff that the Police Department usually tried to enlist the help of other law enforcement agencies or does nothing in such cases. (*Id.*) Plaintiff repeatedly discovered over the months after the incident that Lieutenant Laymon had lost, misplaced, or discarded evidence, and Plaintiff was forced to redeliver it. (*Id.*)

In June 2019, Plaintiff alleges Garcia threatened him again from his car window, saying "your doorbell camera and floodlights didn't help you. The police didn't help you. No one is gonna save you." (*Id.*) Plaintiff reported the incident to Lieutenant Laymon and was again met with no action. (*Id.*) For the next two weeks, Plaintiff urged Lieutenant Laymon to do something to avoid emboldening Garcia. (*Id.*) By mid-July, Lieutenant Laymon told Plaintiff he had finally referred the case to the Bexar County District Attorney, who had filed a felony case against Garcia for robbery and assault. (*Id.*)

A month later, when Plaintiff contacted the Kirby Police Department to check on the status of the felony case, he discovered that Lieutenant Laymon had retired in late August 2019. (*Id.* at 11.) Sergeant Rendon told Plaintiff that he had inherited Laymon's cases but did not know anything about Plaintiff or the case. (*Id.*)

By January 2020, Plaintiff discovered that Lieutenant Laymon had never referred the case to the Bexar County District Attorney, and there was no felony case pending. (*Id.* at 11.) When Plaintiff questioned Sergeant Rendon about the misrepresentation, Rendon responded, "We don't know what Laymon did; he didn't document his cases, or let us know where he kept

the evidence from his cases." (*Id.*) Sergeant Rendon did confirm, however, that Lieutenant Laymon never referred any case regarding the attack to the District Attorney and that Lieutenant Laymon must have discarded the evidence. (*Id.*) Sergeant Rendon allegedly further relayed that the Kirby Police Department "didn't get much investigative work from Laymon" and "rarely knew what Laymon was doing" and "didn't expect much from him." (*Id.*) Plaintiff gave an extra copy of the evidence to Sergeant Rendon and urged him to take up the case. (*Id.*)

Ten days later, in late January 2020, Plaintiff went to the Kirby Police Department to check on Sergeant Rendon's efforts, and Rendon relayed that the case had been filed. (*Id.* at 12.) Once the COVID-19 pandemic hit, Plaintiff expected a delay in the prosecution, but by November 2020 he made inquiries and was told that the case was never filed. (*Id.*) Plaintiff claims that he has lived in fear of Garcia for two years, even when performing mundane tasks like checking his mail, mowing his lawn, and retrieving his garbage can, and yet the Kirby Police Department failed to perform its responsibilities to the public to investigate crimes and protect the public from violence. (*Id.* at 13.)

### III. The City Defendants' Rule 12(b)(6) Motion

The City of Kirby and the individual City Defendants—Chief Bois, Lieutenant Laymon, and Sergeant Rendon—move for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to state a claim for the City's municipal liability under the standards established by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) and that the individual officers are entitled to qualified immunity. The City Defendants also assert the defense of statute of limitations. For the reasons that follow, the Court should grant the motion.

## A.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).  However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

This Court construes the filings of *pro se* litigants like Plaintiff liberally, as a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers.  *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

**B.**     **Plaintiff's suit against the City Defendants was timely filed.**

The City Defendants argue that Plaintiff's federal claims are barred by the governing two-year statute of limitations. There is no federal statute of limitations for civil rights actions brought pursuant to Section 1983. Federal courts therefore borrow the forum state's personal injury limitations period, which in Texas is two years. *Gatrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); Tex. Civ. Prac. & Rem. Code § 16.003(a).

Plaintiff alleges he was assaulted and robbed by his neighbor Garcia on November 16, 2018. (Compl. [#1], at 5.) His claims against the City Defendants focus on acts and omissions occurring after that date. He filed this lawsuit on November 13, 2020. All of the events described in his Complaint therefore occurred within the two-year limitations period. Plaintiff's suit was timely filed.

**C.**     **But Plaintiff fails to allege a plausible constitutional violation.**

To state a claim under 42 U.S.C. § 1983, Plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012). Plaintiff must also establish that the defendant was either personally involved in the deprivation or that its wrongful actions were causally connected to the deprivation. *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). Plaintiff fails to allege a plausible constitutional violation. Therefore, his Section 1983 claims against the City of Kirby and the Individual City Defendants fail as a matter of law.

i.   <u>The City of Kirby is entitled to dismissal of Plaintiff's Section 1983 claims.</u>

Municipalities and local governmental entities qualify as persons liable to suit under Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipality or local governmental entity, such as the City of Kirby, may be held liable, however, only for those acts for which it is actually responsible. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Municipal liability cannot be predicated on the doctrine of *respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Therefore, establishing municipal liability under Section 1983 requires proof of three elements: (1) an official policy or custom; (2) a policymaker who can be charged with actual or constructive knowledge of the policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Monell*, 436 U.S. at 694). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578.

The City of Kirby contends that it is entitled to dismissal of Plaintiff's claims because Plaintiff has failed to allege a custom or policy that was the moving force behind the alleged constitutional deprivation. Plaintiff has alleged numerous policies and customs of the Kirby Police Department (the failure to investigate violent crimes and failure to supervise or train its police officers), and Plaintiff has identified a final policymaker (Police Chief Bois). Yet Plaintiff cannot prevail on his Section 1983 claims because he has failed to allege a plausible constitutional violation upon which the City's municipal liability could be based.

Plaintiff's case is premised on the theory that by failing to investigate his case and prosecute his assailants, the City of Kirby deprived him of his rights to due process and equal protection under the law and placed him at risk of future violence. "It is well established . . . that a victim has no standing under Article III of the Constitution to bring suit to demand the prosecution of his perpetrator." *Lefebure v. D'Aquilla*, 987 F.3d 446, 448–49 (5th Cir. 2021) (citing *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973)) ("Whether framed as a lack of standing or a lack of any right to sue as a matter of substantive law, courts consistently reach the same judgment as in *Linda R.S.*—that plaintiffs may not file suit to secure the prosecution of another person."). The same result is true even though Plaintiff's case is framed as a failure to investigate, rather than a failure to prosecute. There is no legal basis for such a claim in the Fifth Circuit. *Shields v. Twiss*, 389 F.3d 142, 150–51 (5th Cir. 2004) ("Regarding Shields's 'unreasonable investigation' claim, Shields has pointed to no legal basis for a § 1983 action of this sort, and the court knows of none.").

Nor has Plaintiff alleged that he enjoys any kind of special status or relationship that would require the City of Kirby to protect him against violence committed by private actors. The Fourteenth Amendment was enacted to "protect the people from the State, not to ensure that the State protect[s] them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). The Due Process Clause, the Court explained, "forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id.* at 195. Therefore, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.

A state, however, may create a "special relationship" with a particular citizen, requiring the state to protect him from harm, such as "when the State takes a person into its custody and holds him there against his will." *Id.* at 199–200. "In addition to the circumstances of incarceration and involuntary institutionalization recognized by the Court in *DeShaney*, [the Fifth Circuit has] extended the special relationship exception to the placement of children in foster care." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 856 (5th Cir. 2012) (citing *Griffith v. Johnston*, 899 F.2d 1427, 1439 (5th Cir. 1990)). Obviously, none of these special relationships exist here.

Finally, Plaintiff cannot rely on the state-created danger exception to *DeShaney* to advance his theory of constitutional injury. This exception has been recognized in other jurisdictions and focuses on the use of a state official's authority to create a dangerous environment and deliberate indifference to the plight of the plaintiff. *Covington*, 675 F.3d at 865. Yet, the Fifth Circuit has repeatedly declined to recognize this exception. *See, e.g.*, *Keller v. Fleming*, 952 F.3d 216, 226–27 (5th Cir. 2020); *Est. of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 (5th Cir. 2014); *Covington*, 675 F.3d at 865. Moreover, Plaintiff does not allege that he suffered from a second assault after Defendants failed to investigate or arrest Garcia; he alleges he merely suffered from fear that a second attack might occur.

ii.     The Individual City Defendants are entitled to dismissal of Plaintiff's Section 1983 claims.

For the same reasons, the Individual City Defendants (Police Chief Dubois, Sergeant Rendon, and Lieutenant Laymon) are entitled to dismissal of Plaintiff's constitutional claims. All three of these Defendants argue they have qualified immunity from suit. Qualified immunity shields federal and state officials from individual liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that

the right was "clearly established" at the time of the challenged conduct. *Ashscroft v. al-Kidd*, 563 U.S. 731, 735 (2011). In the context of a qualified immunity analysis, the facts are construed in the light most favorable to the party asserting the injury. *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A right is clearly established for purposes of the second step of the qualified-immunity analysis if it would be clear to a reasonable official, at the time of the challenged conduct, that his or her conduct violated the statutory or constitutional right at issue. *Saucier*, 533 U.S. at 202. Stated another way, a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Supreme Court has repeatedly admonished lower courts not to define clearly established law at a high level of generality. *See, e.g.*, *al-Kidd*, 563 U.S. at 742. Rather, the inquiry must be undertaken in light of the specific factual context of the case. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The dispositive question is "whether the violative nature of particular conduct is clearly established." *Al-Kidd*, 563 U.S. at 742. Lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

At the motion-to-dismiss stage, as here, the Fifth Circuit requires plaintiffs invoking Section 1983 to plead "specific facts that, if proved, would overcome the individual defendant's immunity defense." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 620 (5th Cir. 1992) (internal quotation and citation omitted). Accordingly, to rebut the qualified immunity of Chief Bois Lieutenant Laymon, and Sergeant Rendon, Plaintiff must allege facts that, if proved,

establish that these officers violated Plaintiff's clearly established constitutional rights. *Saucier*, 533 U.S. at 202.

Here, because Plaintiff's Section 1983 claims are framed under a defective theory, Plaintiff has not pleaded facts that could overcome these Defendants' qualified immunity defense. The failure to plead a plausible violation of a constitutional or statutory right is as fatal to Plaintiff's claims against the officers as it is to his claims against the City. The undersigned recognizes the frustrations of Plaintiff as a victim of crime who feels like his pleas for assistance fell repeatedly on deaf ears. However, this situation does not plausibly establish the violation of a constitutional right recognized in this Circuit.

## IV. Garcia's 12(b)(1) Motion

Garcia moves for dismissal of Plaintiff's claims pursuant to Rule 12(1) for lack of subject matter jurisdiction. For the reasons that follow, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law tort claims against Garcia (and Doe).

### A.  Legal Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a court's subject matter jurisdiction is factually attacked, the court may consider matters outside of the pleadings. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, as here, however, it is subject to the same standard as a motion brought under Rule 12(b)(6). *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In facial attacks, the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to

the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *O'Rourke v. United States*, 298 F. Supp. 2d 531, 534 (E.D. Tex. 2004) (applying this standard to Rule 12(b)(1) motion). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Ramming*, 668 F.3d at 161.

**B.  Analysis**

Garcia argues the Court lacks subject matter jurisdiction over Plaintiff's tort claims against him because these claims do not include any federal cause of action. Garcia further argues that Texas tort claims are not a proper subject matter to be considered in federal court.

Plaintiff pleaded federal claims in this lawsuit. In any civil action over which this Court has original jurisdiction, this Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.*

It appears Garcia may be arguing that the tort claims against him and the federal claims against the other defendants did not arise out a common nucleus of operative facts, and therefore, that the Court never had supplemental jurisdiction over the claims against him. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)) ("The question . . . is whether the supplemental claims are so related to the original claims that they . . . 'derive from a common nucleus of operative fact.'"). Although Garcia does not develop this argument, it is plausible that Plaintiff's tort claims against Garcia related to the assault and Garcia's alleged subsequent conduct are not a part of the same case or controversy as Plaintiff's claims concerning the law enforcement response to that assault.

But the Court need not make such a finding here, as the Court should exercise its discretion and decline to exercise supplemental jurisdiction over the Texas tort claims against Garcia and Doe, regardless of whether there was jurisdiction over these claims in the first instance.

The Court has discretion to decline to exercise supplemental jurisdiction over a claim in a variety of circumstances, such as where the claim raises a novel or complex issue of State law or "substantially predominates over the claim or claims over which the Court has original jurisdiction." 28 U.S.C. § 1367(c). This discretion is properly exercised where the Court has dismissed the claims over which it had original jurisdiction. *St. Germain v. Howard*, 556 F.3d 261, 263–64 (5th Cir. 2009) (citing 28 U.S.C. § 1367(c)).

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law tort claims, because all of the claims over which the Court had original federal question jurisdiction fail as a matter of law and should be dismissed.

## V. Conclusion and Recommendation

Having considered Defendants' motions, the responses and replies thereto, and the governing law, the undersigned recommends that Defendants City of Kirby, Chief Bois, and Officers Laymon and Rendon's Motion to Dismiss [#5] be **GRANTED** and all claims against the City Defendants be dismissed. The undersigned further recommends that Defendant [Garcia]'s Motion to Dismiss the Complaint [#17] be **DENIED** but that Plaintiff's claims against Defendant Garcia and Defendant Doe be dismissed without prejudice to refiling in state court.

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of June, 2021.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE